## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

In Re:

**EZELL MORRIS**
**BETTY DELORIS MORRIS**

**Case No. 15-10181-JDL**
**Chapter 13**

Debtors.

### OBJECTION TO CONFIRMATION OF AMENDED
### CHAPTER 13 PLAN COMBINED WITH REQUEST FOR
### CONVERSION OR DISMISSAL IF CONFIRMATION IS DENIED

COMES NOW John Hardeman, Chapter 13 Trustee ("Trustee"), and pursuant to 11 U.S.C. Sections 1322, 1325 and 1326, objects to confirmation of the debtors' Amended Chapter 13 Plan ("plan" or "amended plan"). In support of his Objection to Confirmation, the Trustee states as follows:

* The plan as proposed is not feasible in that the amount the debtors propose to pay into the plan is not sufficient to pay all obligations required to be paid under the plan. Eleven U.S.C. Sections 1322 and 1325 provide mandatory provisions regarding the payment of certain types of debts and discretionary provisions regarding other types of debts. The debtors propose to pay a total of $270,556.20 to the Trustee during the term of the plan, while the amount required to pay both mandatory and discretionary obligations proposed to be paid under the plan is $341,911.06 based upon information available to the Trustee at this time.

* The amount which will be paid to unsecured creditors under the plan as proposed is less than would be paid to unsecured creditors if the bankruptcy estate were liquidated under chapter 7.  Pursuant to 11 U.S.C. Section 1325(a)(4), the amount to be distributed under a chapter 13 plan to each unsecured creditor may not be less than would be distributed if the estate were liquidated under chapter 7 on the effective date of the plan.

* The Trustee objects to the treatment of two secured creditors, namely Ocwen and PennyMac. The plan provides for Ocwen Loan/ Bank of Mellon to be paid as a long-term debt pursuant to 11 U.S.C. Section 1322 (b)(5). However the note shows the debt will mature in November 2019. Therefore it is the Trustee's position the debt must either be treated as a payoff mortgage or the plan must be amended to be more specific as to the manner in which debtors intend to modify the mortgage. Additionally, the plan provides the Trustee shall pay PennyMac the monthly payments of principal, interest, taxes and insurance but fails to state the amount of the monthly taxes and insurance to be paid by the Trustee

WHEREFORE, for the reasons stated above, the Trustee respectfully requests that confirmation of the amended plan be denied and that the Court grant such other relief as is warranted including, but not limited to, conversion or dismissal of the case pursuant to 11 U.S.C. Section 1307(c).

Respectfully Submitted,

s/John Hardeman
John Hardeman, Trustee
321 Dean A. McGee Avenue
PO Box 1948
Oklahoma City, OK 73101
13trustee@chp13okc.com
Tel:  (405) 236-4843
Fax: (405) 236-1004

## CERTIFICATE OF MAILING

This is to certify that on July 9, 2015, a true and correct copy of the foregoing document was served by U.S. Mail, first class, postage prepaid, on the following:

EZELL MORRIS
BETTY DELORIS MORRIS
317 NW 84TH
OKLAHOMA CITY, OK 73114

s/John Hardeman
John Hardeman, Trustee          JS